SPENCE *v.* STATE

[No. 125, September Term, 1960.]

*Decided December 15, 1960.*

18

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■

Submitted on briefs to BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert B. Watts* and *Llewellyn W. Woolford* on brief for appellant.

*C. Ferdinand Sybert, Attorney General, Lawrence F. Rodowsky, Assistant Attorney General, Saul A. Harris* and *John W. Sause, Jr., State's Attorney* and *Assistant State's Attorney of Baltimore City,* respectively, on brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of larceny of the use of an automobile (unauthorized use). He claims the evidence against him was insufficient in two particulars: it was not shown (a) that the car he was seen driving by a policeman shortly before his arrest was that stolen from the prosecuting witness, or (b) that the tire company from whose custody it was stolen was a corporate entity capable in law of possessing personal property.

We think the evidence was ample to permit the trial judge to draw the inference that the car appellant drove, concededly without authority, was the car of the prosecuting witness which had been stolen from the place of business of the tire company. The owner reported its theft to the police, giving the year, make and style, and the license number. Appellant was driving a car of that year, make and style which bore a license number which had been reported to the police as on a stolen car of that exact description. He was seen driving that car in the eastern section of Baltimore about two a. m. The police found the car an hour later and took it to the police car "pound" in the western part of the City. The owner picked up the car from the police soon after four a. m.

Under similar circumstances we held in *Bell v. State,* 220 Md. 75, 79, that the inference of identification of the car could

be drawn, saying: "The identity of stolen property may be established 'by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.' "

There is no relevance in appellant's contention as to the tire company. One is guilty of unauthorized use under Code (1957), Art. 27, Sec. 349, as pointed out in *Anello v. State*, 201 Md. 164, 167, if he participates in the continued use of the stolen car after the original taking, since this manifests an intent to deprive the owner of his possession.

*Judgment affirmed.*