## PAUL STEWART O'BRIEN *v.* STATE OF MARYLAND

[No. 19, Initial Term, 1967.]

*Decided March 14, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH and THOMPSON, JJ., and DYER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Raymond J. Kane, Jr.,* for appellant.

*Dickee M. Howard, Special Attorney, Attorney General's Office,* with whom were *Thomas B. Finan, former Attorney General, J. Thomas Nissel, State's Attorney for Howard County,* and *Richard J. Kinlein, Assistant State's Attorney for Howard County,* on the brief, for appellee.

PER CURIAM.

The appellant, Paul Stewart O'Brien, was tried by Judge Macgill, without a jury, in the Circuit Court for Howard County, and found guilty of storehouse breaking with intent to steal goods over the value of $100.00 or more. Article 27, Sec. 32, Maryland Code (1957), (1966 Cum. Supp.). O'Brien was sentenced to four years in the Maryland Penitentiary. This is an appeal from the judgment and sentence.

On the evening of June 29, 1965, the witness, John Scovitch, who resides on Washington Boulevard across from Mobern Electric Corporation, heard "banging noises" coming from the building occupied by Mobern Electric Corporation and saw two men attempting to force a door of the building and called the State Police. In response, a Maryland State Trooper went to the scene. While he was attempting to cross U. S. Route #1 to investigate, he observed two individuals attempting to go into a hole which had been cut into the north side of the building. When the two individuals saw the Trooper they ran in an easterly direction behind the building. It was about 8:45 p.m. when the Trooper first saw the appellant and visibility was good. In court the Trooper positively identified the appellant as one of the individuals he had pursued and apprehended. He further testified that from the time he first saw the two individuals at the hole until the time he apprehended the appellant he never lost sight of him. He was unable to apprehend the other individual. When he returned to the scene of the crime he observed that a hole had been cut in the north wall of the building approximately $3\frac{1}{2}$ feet by $1\frac{3}{4}$ feet and two rows of cinder block had been removed. However. complete entry had been blocked by steel sheets piled up against the inside wall where the hole had been cut.

The appellant contends that the State failed to prove the defendant-appellant guilty of the crime charged in the Criminal Information because there was no sufficient evidence to show an entry nor was there evidence of felonious intent to steal goods worth $100.00 or more. In support of this, he argues that there was no evidence to show that the appellant actually entered the building, and since entry is a necessary element of the crime, the appellant charged the lower court erred in denying his motion for directed verdict of acquittal. He further argues that since felonious intent is an essential element of burglary at common law and under statutes requiring such intent, felonious intent like any other element of the crime must be proven, and since no goods were taken there could be no evidence here of felonious intent.

There is no merit to either contention. As pointed out by the lower court, O'Brien "was caught redhanded breaking into the

building along with someone else." Furthermore, from the testimony of the witness Bernstein, President of the Mobern Electric Corporation, the building contained an inventory of the value of a couple hundred thousand dollars, lighting fixtures and equipment. It is significant that O'Brien was himself an electrician. The lower court found that there was no reasonable doubt of the appellant's guilt, and that the story told by him as a witness in his own behalf was "incredible." His explanation is that "I happened to be there."

In the case of *Graczyk v. State*, 233 Md. 245, 196 A. 2d 469 (1963), the Court of Appeals said:

> "This Court has repeatedly stated that our function in reviewing the sufficiency of the evidence on an appeal from a conviction in a non-jury criminal case is not whether we might have reached a different result from that of the trial court, but whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt of the offense charged."

Here, there was sufficient evidence to convince the lower court that the appellant not only broke but also partly entered the building, since the State Trooper testified that when he first saw the appellant and his companion their heads and shoulders were inside the hole in their attempt to gain entry. See 2 Wharton's Criminal Law and Procedure, Sec. 421; Hockheimer's Criminal Law, Second Ed., Sec. 277. The Trooper positively identified the appellant as the man he had seen at the hole and later run from the scene. *Hammond v. State*, 241 Md. 733, 217 A. 2d 569 (1966).

In order to prove felonious intent under Sec. 32 of Art. 27, Code, it is not necessary to prove that any goods were taken. The actual intention at the time of the breaking is controlling, not whether any goods of value were found and stolen, and the intention may be inferred from the circumstances. *Ridley v. State*, 228 Md. 281, 179 A. 2d 710 (1962). The lower court found that the building contained an inventory of several hundred thousand dollars, lighting fixtures and equipment, and that the appellant was an electrician.

Since the conviction of the appellant was supported by substantial evidence, we are unable to say that the verdict of the trial court was "clearly erroneous," and we must affirm. Maryland Rule 1086.

*Judgment affirmed.*