## WILLIAM EUGENE BANKS *v.* STATE OF MARYLAND

[No. 306, Initial Term, 1967.]

374

*Decided November 10, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Benjamin Cadwalader* for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Walter M. Baker,*

*State's Attorney for Cecil County,* and *Julius A. Jodlbauer, Assistant State's Attorney for Cecil County,* on the brief, for appellee.

PER CURIAM.

Appellant, William Eugene Banks, was indicted on two counts charging larceny of an automobile and unauthorized use. He was tried by a jury on November 22, 1966, in the Circuit Court for Cecil County before Judge Edward D. E. Rollins. Appellant was convicted of unauthorized use and sentenced to confinement for an indeterminate period not to exceed three years in the Maryland Correctional Institution, Hagerstown. He now appeals from that conviction.

The appellant raises two contentions on appeal:

1) That the trial court erred when it refused a directed verdict as moved by defendant at the close of the State's case and at the close of the entire case.

2) At the oral argument he raised the further contention that the crime charged was not committed in Maryland and the Courts of Maryland have no jurisdiction.

On May 18, 1966, David Gilchrist Crowley parked his car on the Bainbridge Parking lot at approximately 7 p.m. The vehicle was in good condition, the ignition undamaged, he retained his keys and had not given permission for anyone to use his car.

At approximately 12:00 a.m. on May 19, 1966, appellant claims that he was picked up by co-defendant Brown and an inebriated sailor. The sailor was let out at Bainbridge and Banks and Brown headed for York, Pennsylvania. Banks purchased gas in Maryland and took over driving in Red Lion, Pennsylvania. Banks had been told the car belonged to an unnamed friend of Brown. There was evidence that shortly after 2:00 a.m., the police at Spring Garden Township, which is next to York, Pennsylvania, observed appellant operating the vehicle; appellant identified himself to police, but could not inform police of the owner's identity. Officer Arnold testified that a subsequent investigation revealed the ignition switch punched out and the wires dangling. Arnold testified that Banks turned off

the engine, but that is denied by Banks. Both defendants voluntarily accompanied the police.

Appellant's first contention goes to the sufficiency of the evidence. In a trial before a jury this Court can review the sufficiency of the evidence, but this Court does not inquire into and measure the weight of the evidence, but only determines whether there is any relevant evidence which could properly sustain a conviction. *Graef v. State,* 1 Md. App. 161 (1967) ; *Borman v. State,* 1 Md. App. 276 (1967) ; *Culver v. State,* 1 Md. App. 406 (1967). Under Maryland Code, Article 27, § 349 (1957), it is a misdemeanor for any person, his aiders or abettors, to take and carry away out of the custody or use of any other person any of the kinds of property enumerated therein, including motor vehicles, and intentionally deprive the owner of the vehicle or his custody or use of same. See *Fletcher v. State,* 231 Md. 190, 189 A. 2d 641 (1963) ; *Anello v. State,* 201 Md. 164, 93 A. 2d 71 (1952). In *Anello v. State, supra,* the Court held that there are no accessories in the larceny of use of property, as the statute makes aiders and abettors equally guilty with the principal perpetrator of the crime, citing *Slaughter v. State,* 113 Ga. 284, 38 S. E. 854 (1901).

Sufficient evidence was established from the testimony to allow the trier of facts to infer that Banks had unlawfully taken and carried away "out of the custody and use" of the owner, David Gilchrist Crowley's car for his "present use," in violation of the code. *Anello v. State, supra; Fletcher v. State, supra; Lee v. State,* 240 Md. 160, 213 A. 2d 503 (1965). The Court of Appeals noted in *Anello v. State, supra,* page 168, that "While guilty knowledge is essential to a conviction of a person accused of larceny of use, such knowledge may be inferred from facts and circumstances such as would cause a reasonable man of ordinary intelligence, observation and caution to believe that the property had been unlawfully taken." The jury's finding clearly reveals that it did not believe the defense presented and found that the appellant was not free from guilt. "One is guilty under Section 349, if he participates in the continued use of the stolen car after the original taking, since this manifests the intent to deprive the owner of his possession." *Spence v. State,*

224 Md. 17, 19, 165 A. 2d 917 (1960) ; *Anello v. State, supra,* 167-68. We find the appellant's contention is without merit.

Appellant's second contention, raised at the oral argument, is also without merit. An offense against the laws of Maryland is punishable only if committed within the territorial limits of the State. *Bowen v. State,* 206 Md. 368 (1955) ; *Worthington v. State,* 58 Md. 403, 408 (1882). Venue may be established by circumstantial evidence. *Breeding v. State,* 220 Md. 193 (1959). It is clearly established in the record that appellant's acts within Maryland were sufficient to nullify the jurisdictional contention. Appellant testified he was picked up at his home in Port Deposit, Maryland by Brown and was a passenger while in Maryland. Appellant personally purchased the gasoline in Maryland for the trip to York, Pennsylvania. The vehicle was taken from the Bainbridge, Maryland parking lot.

For the above reasons the judgment will be affirmed.

*Judgment affirmed.*