CLARENCE JAMES SUTTON *v.* STATE
OF MARYLAND

[No. 70, September Term, 1967.]

*Decided December 20, 1967.*

640

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Charles Philip Brown* for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Richard J. Kinlein, State's Attorney for Howard County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Clarence James Sutton, the appellant, was convicted in the Circuit Court for Howard County by Judge James Macgill, sitting without a jury, under two indictments each charging forgery, uttering a forged instrument, and obtaining money and chattels by false pretenses. He contends on this appeal that the evidence was insufficient to support the convictions.

The evidence adduced at the trial showed that Sutton, on two separate occasions on March 21, 1966, passed checks which he endorsed using the name ". . . W. Boice" (first name could not be deciphered) on one check and Lawyer W. Boice on the second check. In each instance cash and merchandise were received for the checks. It was proven that Lawyer W. Boice had had his wallet containing his driver's license stolen in 1965 and that he had not signed the two checks. The appellant was identified by the two victims.

Identification by the victim, if believed, is enough to convict, *Jones v. State,* 2 Md. App. 356. In a nonjury trial, the judge determines the weight of the evidence and the credibility of the witnesses, *Hutchinson v. State,* 1 Md. App. 362, 230 A. 2d 352, *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372.

Since Sutton's conviction was supported by substantial evidence, we are unable to say that the verdict of the trial judge was clearly erroneous, *O'Brien v. State,* 1 Md. App. 94, 227 A. 2d 362, Md. Rule 1086.

On the facts of this case, however, the offense of uttering merged into the offense of false pretenses. The term "merged" is used in its modern sense rather than in its common law sense. The test to negative merger, under present law, is whether the conviction under *each* statute requires proof of a fact which the other does not, *Veney v. State,* 227 Md. 608, 177 A. 2d 883. Here the only false representation was the uttering, which was an essential part of the conviction for false pretenses. There was no fact proven in the uttering cases which was not essential for the conviction in the false pretenses cases. See *Flannigan v. State,* 232 Md. 13, 191 A. 2d 591 wherein it was held that there could not be multiple convictions under Sec. 140 (False Pretenses Act) and Sec. 142 (Worthless Check Act) of Md. Code, Article 27, although under certain conditions, a conviction for the same transaction under either section is proper, *Waye v. State,* 231 Md. 510, 191 A. 2d 428. The convictions for uttering must be vacated, but since the sentences are concurrent with the sentences for forgery there is no practical benefit to the appellant.

> *Judgments as to the second count of each Indictment (Uttering) vacated as merging into the third count of each Indictment. Judgments as to the first and third counts of each Indictment (Forgery and False Pretenses) affirmed.*