## HERBERT ANDERSON MOORE *v.* STATE OF MARYLAND

[No. 174, September Term, 1967.]

*Decided April 16, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Richard K. Jacobsen* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and

Joseph J. Bonner, Assistant State's Attorney for Prince George's County, on the brief, for appellee.

PER CURIAM.

On July 12, 1967, the appellant, Herbert Anderson Moore, was tried by a jury for storehouse breaking and larceny in the Circuit Court for Prince George's County, Judge Roscoe H. Parker presiding.

Appellant was found guilty of storehouse breaking and not guilty of larceny, and sentenced to the jurisdiction of the Department of Correction for a term of four years.

Appellant's sole contention raised on appeal is that the evidence was not sufficient to sustain the conviction.

The evidence adduced at trial established that on the morning of August 18, 1966, Officer Eugene G. Palmer of the Prince George's County Police Department responded to an "alarm off" at 1450 62nd Avenue, Cedar Heights, Maryland. Upon arrival, he observed that the adjacent building had "a big bay door on it and that the handle on this door was turning." Assistance was radioed for and the building remained under observation. Thereafter he observed that the front door had been "jimmied" and that "bars on a window had been pulled off, glass was broken and the window was open." During the period of observation, no one left or entered the building.

Additional officers arrived, and upon their arrival, accompanied by a police dog, entered the building and after calling out that the dog would be released if no one responded to the warning, released the dog. The dog began to circle a particular truck in the building, which upon investigation was found to contain the appellant and his companion, one Arnett, who were hiding therein.

Witness Edward E. Bealer testified that he and his wife were the owners of the building when this incident occurred and that he was an officer of the corporation whose equipment was located therein. He further testified that he had locked the building before leaving on the day preceding this incident and substantiated the testimony of the officers concerning the condition of the building subsequent to the breaking. He also set forth

in detail the contents and specified that upon his arrival the office was in a state of "disarrangement and dishevelment" and that the drawers were opened and their contents scattered about and that an "R. C. Allen typewriter," replacement value $140.-00, an "Underwood calculator," for which he had paid $150.00, a "portable transistor radio" valued at "$18 or $19," a "Craftsman skill saw" valued at $40.00 and blank checks had all been removed.

Appellant testified that he had been drinking heavily the night before and the morning of the occurrence and that while journeying from his wife's house to his father's house he had met Jimmie Arnet on Sheriff Road. Subsequently, both observed some figures going in and out of the instant warehouse, and decided to "check it out." After entering the warehouse, they gravitated to the back room wherein they were located when the door locked behind them. At that juncture, they decided to spend the night in the truck and await the owner's arrival to examine this aforenoted occurrence. Appellant urged that he "didn't go in there with any intent to steal anything." Arnett's testimony substantiated that of the appellant.

The appellant failed to make a motion for judgment of acquittal at the conclusion of the entire case and, accordingly, this Court is precluded from reviewing the sufficiency of the evidence. *Ledbetter v. State*, 224 Md. 271, 273, 167 A. 2d 596 (1961); *Hall v. State*, 1 Md. App. 392, 394, 230 A. 2d 473 (1967). However, had the question been properly preserved, we would have no difficulty in finding that there was legally sufficient evidence, or reasonable inferences therefrom, from which the jury could find the appellant guilty beyond a reasonable doubt. *Hall v. State, supra,* 394.

The thrust of appellant's argument is that since he was found not guilty of larceny, but guilty of storehouse breaking, the verdicts are inconsistent and consequentially the guilty verdict must fail.

In *Ledbetter v. State, supra,* Judge Hammond, speaking for the Court of Appeals regarding consistency of verdicts, quoted *Dunn v. United States,* 284 U. S. 390, 52 S. Ct. 189, 76 L. Ed. 356 (1932), wherein Mr. Justice Holmes stated at pages 393-394:

"Consistency in the verdict is not necessary. * * * That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

That Court went on to favorably quote the language of Judge Learned Hand concerning inconsistency in *Steckler v. United States,* (C.C.A. 2d), 7 F. 2d 59, 60 (1925) that:

"The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt."

With respect to the pattern of proof necessary to establish grand larceny, the State must prove the value of the stolen articles to be $100 or in excess thereof. However, a charge of breaking with intent to steal goods of a designated value, can be satisfactorily established when the evidence permits the trier of facts to reasonably infer that the accused intended to take goods of that value or more. *Mercer v. State,* 237 Md. 479, 485, 206 A. 2d 797 (1965); *Holtman v. State,* 219 Md. 512, 517, 150 A. 2d 223 (1939); *O'Brien v. State,* 1 Md. App. 94, 227 A. 2d 362 (1967). The amount of value of what is intended to be stolen is often a matter of inference. *Mercer v. State, supra,* 485; *Putnam v. State,* 234 Md. 537, 546, 200 A. 2d 59 (1964). The actual intent at the time of the breaking and proof of such an intention does not have to flow from direct evidence but may be inferred from the totality of the circumstances. *Holtman v. State, supra; Ridley v. State,* 228 Md. 281, 282, 179 A. 2d 710 (1962); *O'Brien v. State, supra.*

Here, we are confronted with an illegal entry at night, opened and ransacked drawers, coupled with missing goods and circumstances which presented a substantial basis wherefrom the jury could reaonably infer that the appellant intended to steal property valued in excess of $100.00. *Putnam v. State, supra; Howard v. State,* 240 Md. 699, 213 A. 2d 288 (1965).

In trial before a jury this Court can review the sufficiency of the evidence, but this Court does not inquire into and mea-

sure the weight of the evidence but only determines whether there is any relevant evidence which could properly sustain a conviction. *Brooks v. State*, 3 Md. App. 485, 240 A. 2d 114; *Hayes v. State*, 3 Md. App. 4, 10, 237 A. 2d 531 (1968); *Banks v. State*, 2 Md. App. 373, 376, 234 A. 2d 798 (1967). In the instant case, there was legally sufficient evidence from which the jury could be fairly convinced beyond a reasonable doubt of the appellant's guilt.

*Judgment affirmed.*