CLARENCE JAMES SUTTON *v.* STATE
OF MARYLAND

[No. 234, September Term, 1967.]

*Decided April 29, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Charles Philip Brown* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *E. Harrison Stone, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

PER CURIAM.

Clarence James Sutton, the appellant, was convicted in the Circuit Court for Baltimore County by Judge John Grason Turnbull, sitting without a jury, under an indictment charging forgery, causing an instrument to be forged, uttering a forged instrument, and obtaining money by false pretenses. He contends on this appeal that the evidence was insufficient to support the

conviction. He makes no complaint of the general verdict. The sentence was confinement for a term of seven years.

The evidence shows that Sutton on June 23, 1966 presented a check to Irving Davis to be cashed. The check was apparently made by the Paul Pet Construction Company and was payable to Lawyer W. Boice. Sutton produced suitable identification, and the check was cashed for him; however, it was subsequently returned to Davis by the bank with the notation that the check bore unauthorized signatures.

Henry Becker, accountant for the Paul Pet Construction Company, testified that company checks were missing, or had been stolen, and that neither Mascon Cosen or M. Kickner (the signatures on the check) were authorized to sign checks for the company, and furthermore that no authorized check of the company had been issued to Lawyer W. Boice. Davis positively identified Sutton at the trial. Samples of Sutton's handwriting, taken from two forms that Sutton filled out when he was admitted to the Baltimore County Jail, were offered into evidence as well as samples of Lawyer W. Boice's handwriting. Detective Sergeant Howard De Shields, a handwriting expert, made a comparison of the known writing of Sutton and of the known handwriting of Lawyer W. Boice. He testified that the endorsement on the check of Lawyer W. Boice was written by Sutton. Sutton denied cashing the check.

Identification by the victim, if believed, is enough to convict. *Sutton v. State,* 2 Md. App. 639, 236 A. 2d 301. In a nonjury trial the judge determines the weight of the evidence and the credibility of the witnesses. *Hutchinson v. State,* 1 Md. App. 362, 230 A. 2d 352, *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372, *Sutton v. State, supra.* Since Sutton's conviction was supported by substantial evidence, we are unable to say that the verdict of the trial judge was clearly erroneous. *O'Brien v. State,* 1 Md. App. 94, 227 A. 2d 362, Maryland Rule 1086.

Sutton further alleges error in that his objection to the admissibility of his signatures on the jail forms was not sustained, citing *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694.

In *Schmerber v. California,* 384 U. S. 757, 764, 86 S. Ct. 1826, 1832, 16 L. Ed. 2d 908 the Supreme Court said that the

privilege against self-incrimination "is a bar against compelling 'communications' or 'testimony', but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it." Therefore *Miranda v. Arizona, supra* would not be applicable. The Supreme Court in *Schmerber v. California, supra* further stated that at 384 U. S. at 765, 86 S. Ct. 1826, 1833:

> "Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds."

The handwriting evidenced in the case at bar was not of a communicative nature, and therefore according to *Schmerber v. California, supra* not a violation of the privilege against self-incrimination. In *Gilbert v. California,* 388 U. S. 263, 266-67, 87 S. Ct. 1951, 1953, 18 L. Ed. 2d 1178 the Supreme Court of the United States citing to *Schmerber v. California, supra* stated:

> "One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection."

See also *United States v. Wade,* 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149.

*Judgment affirmed.*