## WILLIAM EDWARD BEARD *v.* STATE OF MARYLAND

[No. 281, September Term, 1967.]

*Decided August 13, 1968.*

686

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Douglas N. Sharretts,* with whom was *Louis Peregoff* on the brief, for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Clewell Howell, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was tried at a court trial in the Circuit Court for Baltimore County under a four count indictment charging forgery, procuring forgery, uttering a forged document and obtaining money by false pretenses. He was found guilty of uttering and the State entered a stet as to each of the other counts. The appellant was sentenced to imprisonment for a term of ten years.

The appellant contends that he could not be convicted of the crime of uttering a forged document since the proof showed that he not only committed an uttering, but completed the offense of obtaining money by false pretenses. He argues that the two offenses merged, the greater offense absorbing the lesser, thus precluding a conviction of the lesser offense. He cites *Sutton v. State,* 2 Md. App. 639. This Court has stated that the common-law doctrine of merger is now not followed in Maryland but that a modern concept of merger of offenses has been adopted. *Chittum v. State,* 1 Md. App. 205. The true test under the modern doctrine is whether one crime necessarily involves the other. *Tender v. State,* 2 Md. App. 692. That is to say, when the facts necessary to prove a lesser offense are essential ingredients in establishing the greater offense, the lesser

offense is merged into the greater offense. *Dunlap v. State,* 1 Md. App. 444. The rationale of the modern doctrine is that a person should not be twice punished for the same acts whether the offenses charged by reason of such acts be deemed to be inconsistent, duplicitous or to have merged. *Tender v. State, supra.* Thus, with regard to merger, in a trial on multiple charges, the doctrine is applicable only to preclude multiple convictions on merged offenses. *Gee v. State,* 2 Md. App. 61. So in *Sutton,* where the only false representation was the uttering, which was an essential part of the conviction for false pretenses, the doctrine applied to prevent the convictions of both false pretenses and uttering and we vacated the uttering conviction. But in *Lievers v. State,* 4 Md. App. 219 the judgment upon conviction of uttering was affirmed, the doctrine of merger not applying because there was no conviction of false pretenses, a *nolle prosequi* having been entered to the count charging that offense. In the instant case the appellant was convicted only of uttering, a stet having been entered to the count charging false pretenses. Therefore the doctrine of merger did not apply. As the doctrine was not applicable, the uttering offense did not, in any event, merge into the offense of false pretenses and the contention of the appellant fails.

In *Boone v. State,* 2 Md. App. 80, 114 we said that a failure to consummate a crime is an essential element of an attempt to commit the crime and that evidence that a crime has been committed will not sustain a verdict on an attempt to commit it. The appellant suggests that since money was obtained by him by means of the forged check, which check was the basis of the uttering conviction, the crime of obtaining money by false pretenses was consummated. Thus, he argues, the uttering conviction was improper because the uttering was merely an attempt to obtain money by false pretenses. We do not so consider it in the instant case. Uttering, Md. Code (1967 Repl. Vol.), Art. 27, § 44, and obtaining money by false pretenses, Code, *supra,* Art. 27, § 140 are separate and distinct crimes. Although, as we have stated, under proper circumstances, an uttering offense may merge into a false pretense offense, attempting to obtain money by false pretenses is also a separate and

distinct offense.[1] *Franczkowski v. State,* 239 Md. 126. While evidence that the offense of obtaining money by false pretenses was consummated may not sustain a conviction of attempting that offense, it does not follow that such evidence precludes a conviction of uttering, especially when, as here, there was no conviction of the offense of obtaining money by false pretenses and no merger of the uttering offense into the false pretense offense.

The appellant also contends that "the admission into the evidence of the alleged forged check without any direct proof that such check had been dishonored by the Union Trust Company of Maryland on which it was drawn" was reversible error. He urges that the "best evidence" to prove that the check was dishonored was not offered and that the State should have produced "the direct testimony of the Union Trust Company through any of its accredited cashiers or bookkeepers that the check was a forgery and that it would not honor it."

An employee of the Chesapeake National Bank testified that appellant presented to her a check in the amount of $3800 which she cashed. She identified the check and it was admitted in evidence over objection. It was dated 24 October 1966, drawn on the Union Trust Company, signed by "Carl Bassett" as the maker and was to the order of "John Williams." It was endorsed "John Williams." Another employee of Chesapeake testified that he personally presented the check for payment to the manager of the bookkeeping department of the Union Trust Company. "The result as so stated here (on a slip attached to the check) was that it was an unauthorized signature and the check was reported as stolen * * * It was dishonored." This testimony came in without objection. On cross-examination he stated that he received the information "first-hand from the manager of the Union Trust Company." On the back of the check were the initials "E. L." under the term

---

1. The elements of an attempt to obtain money by a false pretense are an intent to commit it, the doing of an act towards its commission, and the failure to consummate its commission. It is not necessary in order to establish an intent that the potential victim was deceived and had parted with money or property. *Franczkowski v. State, supra,* 127.

"OK", indicating that Earl Logue, an assistant vice-president of Chesapeake, had authorized that it be cashed. Mr. Logue testified that the initials were not placed on the check by him and that he had not seen it until after it had been cashed. There was placed in evidence by stipulation that the check was not signed by Carl Bassett, the purported maker. We find no error in the admission of the check in evidence and do not think that the "best evidence" rule as urged by the appellant was applicable. See *Lamot v. State,* 2 Md. App. 378, 382-383. The check was identified by the person who gave the appellant the money when the appellant presented it. There was direct evidence that it had been dishonored when presented to the bank on which it was drawn. Although the reasons why it was dishonored may have come into evidence as hearsay testimony, there was no objection to that testimony. *Baker v. State,* 3 Md. App. 251; *Culver v. State,* 1 Md. App. 406. And evidence that the name of the maker was forged was in evidence by stipulation.

Although the appellant does not challenge the sufficiency of the evidence to sustain the conviction, we note that the mere offer of a false instrument with fraudulent intent constitutes an uttering. *Draper v. State,* 231 Md. 423; *Levy v. State,* 225 Md. 201.

*Judgment affirmed.*