## WILLIAM BARNETTE AND WILLIAM CRAWFORD v. STATE OF MARYLAND

[No. 370, September Term, 1967.]

---

*Decided August 15, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*De Haven L. Smith* for appellants.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

William Barnette and William Crawford, the appellants, appeal from convictions for storehouse breaking and being rogues and vagabonds in a trial in the Criminal Court of Baltimore, Judge Thomas J. Kenney presiding without a jury. Each appellant was sentenced to a term of eighteen months under the major charge and to a term of six months, concurrent, on the minor charge. The sole question presented on appeal is the sufficiency of the evidence to support the convictions.

There was evidence from which the trial judge could have found that at 1:20 A. M. on July 19, 1967, William Barnette was found standing at the corner of Forrest and Monument Streets with his hand on his left side and blood dripping from his hand. He was located approximately 60 feet from a broken window in the warehouse owned by Merchants Terminal Corporation located at Forrest and Monument Streets. Crawford was found coming from the broken window. When he observed a police officer approaching he went back into the building but immediately turned around and came out of the hole in the window. Both police officers observed blood stains around the window and near a desk which was "three-quarters of the room away" from the broken window. Crawford was uninjured. The manager of the warehouse testified that the building was closed and the window intact at the time of closing on July 18th. The office contained movable equipment valued at five to six hundred dollars, and the warehouse contained millions of pounds of frozen food valued in millions of dollars. There was ready access to the warehouse from the office. The manager also testified that he found nothing missing either in the office or the warehouse and no stolen merchandise was found on either appellant. The police officers came to the scene in response to a complaint.

Appellants' argument that the evidence was insufficient to support the conviction is (1) there was no flight; (2) there was no evidence that any merchandise was taken; and (3) that there was no evidence that the premises had been searched or ransacked. We have no problem in holding that the trial judge was not clearly erroneous under Maryland Rule 1086 when he found the appellants guilty of both crimes.[1] In *O'Brien v. State,* 1 Md. App. 94, 227 A. 2d 362 this Court, citing *Ridley v. State,* 228 Md. 281, 179 A. 2d 710, held that the mere fact that no goods were taken does not necessarily prove the absence of the intent to steal at the time of the breaking. On the circumstances of the breaking in this case all that is required to show the intent under Md. Code, Article 27, § 32 is that the building contain a valuable inventory. In the present case as in *O'Brien,*

---

1. There was no complaint of merger.

8

*supra*, the appellants were apprehended in the act of breaking and it is not surprising that they had not at that time taken any merchandise or ransacked the building. While flight is some indicia of crime, the lack of it does not completely negative the possibility of conviction; otherwise criminals could avoid conviction in many cases simply by not fleeing.

*Judgments affirmed.*