NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2002
_____

HUGO MIGUEL DUARTE RAMOS,
                                                Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                                Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095-362-765
(U.S. Immigration Judge: Honorable Walter A. Durling)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2016

Before: HARDIMAN and SCIRICA, *Circuit Judges*, and
ROSENTHAL,* *District Judge*.

(Filed: March 23, 2017)
_____

OPINION**
_____

_____

    * The Honorable Lee H. Rosenthal, United States District Judge for the Southern
District of Texas, sitting by designation.

    ** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

SCIRICA, *Circuit Judge*.

Hugo Miguel Duarte Ramos petitions for review of a final order of removal. The Department of Homeland Security ("DHS") charged Ramos as removable from the United States on two independent grounds: (1) conviction for an aggravated felony, and (2) conviction for a drug offense that did not fall within the personal use exception. An Immigration Judge found both grounds warranted removal and determined Ramos was prohibited from seeking discretionary relief. The Board of Immigration Appeals ("BIA") dismissed Ramos's appeal. We will deny Ramos's petition for review.

## I.

Ramos was born in Portugal and entered the United States with his parents as a non-immigrant in August of 2001. He became a lawful permanent resident in 2004. In September 2007, at age eighteen, Ramos was pulled over in Maryland while driving a stolen vehicle, and arrested. Ramos maintained at the time of arrest that he had not stolen the car and was unaware that it was stolen when he borrowed it from a friend. Ramos accepted a plea agreement, pleading guilty to unauthorized removal of property, a misdemeanor under Maryland Criminal Code § 7-203. He received a sentence of four years in jail but with three years and eleven months suspended.

Seven years later, in 2014, Ramos was pulled over in Pennsylvania for driving with darkened taillights. Police then determined through a blood test that Ramos had marijuana in his system. Ramos again accepted a plea deal and pleaded guilty to one count of driving under the influence of a controlled substance (marijuana), 75 Pa. C.S. § 3802(d)(1)(ii), for which he received a sentence of six months' probation with the first

2

month on house arrest, a $1000 dollar fine, and 25 hours of community service.

On May 20, 2015, the Department of Homeland Security charged Ramos under 8 U.S.C. § 1227(a)(2)(A)(iii) as a removable alien convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a violation of a law relating to a controlled substance. Ramos first appeared before an Immigration Judge in June of 2015 and contested the charges of removability. On July 20, 2015, the IJ invited Ramos's counsel to submit a brief on whether Ramos's conviction for driving under the influence of a controlled substance was subject to the exception for offenses involving the possession of 30 grams or less of marijuana for personal use under 8 U.S.C. § 1227(a)(2)(B)(i).

On September 2, 2015, the IJ entered an interlocutory ruling that the Maryland offense was an aggravated felony, rendering Ramos removable and ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3). Ramos then asked the IJ to allow him to testify about the circumstances surrounding the Maryland conviction. The IJ denied this request, stating that he was "not permitted to go behind the conviction itself." AR 159.

On November 12, 2015, the IJ issued an oral decision ruling Ramos's conviction in Pennsylvania for driving under the influence of marijuana did not fall within the personal use exception, and affirming his interlocutory ruling that the Maryland unauthorized use conviction constituted an aggravated felony. The IJ sustained the charges of removability and determined Ramos was ineligible to apply for discretionary relief.

Ramos appealed to the BIA. The BIA affirmed the grounds for removal and ineligibility for discretionary relief. The BIA also concluded the IJ did not violate Ramos's due process rights and dismissed his appeal. Ramos filed a timely petition for review.

## II.

Although we do not have jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony or drug offense]," 8 U.S.C. § 1252(a)(2)(C), we do have jurisdiction "to determine whether the necessary jurisdiction-stripping facts are present in a particular case, specifically (1) whether the petitioner is an alien and (2) whether he has been convicted of one of the enumerated offenses." *Borrome v. Att'y Gen.*, 687 F.3d 150, 154 (3d Cir. 2012) (citing *Papageorgiou v. Gonzales,* 413 F.3d 356, 357–58 (3d Cir. 2005); *Valansi v. Ashcroft,* 278 F.3d 203, 207 (3d Cir. 2002)). Therefore, we review the BIA's legal determinations *de novo*, subject to the principles of agency deference articulated in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). *Denis v. Att'y Gen.,* 633 F.3d 201, 205–06 (3d Cir. 2011).

## III.

Ramos raises three issues on appeal. First, he contends the BIA erred in concluding his misdemeanor conviction for unauthorized removal of property under the Maryland Criminal Code constitutes a "theft offense" and by extension an "aggravated felony" under the Immigration and Nationality Act ("INA"). Second, he contends the BIA erred in its determination that his conviction for driving under the influence of

4

marijuana did not fall within the statutory exception for an offense "involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). Third, he contends he was denied a full and fair hearing because the IJ did not allow him to testify to the facts surrounding his convictions or to possible grounds for collateral attack of those convictions.

## A. Aggravated Felony

Under the INA, "[a]ny alien who is convicted of an aggravated felony at any time after admission" is removable from the United States. 8 U.S.C. § 1227(a)(2)(A)(iii). Conviction of an aggravated felony also makes an alien ineligible for certain forms of discretionary relief from removal. *See id.* § 1158(b)(2)(A)(ii); §§ 1229b(a)(3), (b)(1)(C). Congress has defined an "aggravated felony" to include, among other things, a "theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The generic definition of a "theft offense" is the "taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007) (internal quotations and citations omitted). The Maryland statute for "unauthorized removal" at issue in this case in relevant part provides: "Without the permission of the owner, a person may not take and carry away from the premises or out of the custody of another or use of the other, or the other's agent, or a governmental unit any property, including: (1) a vehicle." Md. Code, Crim. Law § 7-203.

5

Ramos contends the misdemeanor offense for unauthorized removal under the Maryland Criminal Code is not a "theft offense" because: (1) it is categorized as an "unauthorized use," not a "theft," offense under Maryland law, which defines "theft" as "the conduct described in §§ 7-104 through 7-107"—notably excluding the section under which Ramos was convicted, Pet. Br. at 13 (quoting Md. Code, Crim. Law § 7-101(m)); and (2) the statute does not include intent to deprive the owner, a necessary element of the generic definition of a "theft offense." Pet. Br. 14.

"When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, we generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citations omitted). Under the categorical approach, we "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [federal offense], while ignoring the particular facts of the case." *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). Looking solely at the elements of the crime, the manner in which an offense is categorized under state law is irrelevant to this inquiry. *See Taylor v. United States*, 495 U.S. 575, 590–91 (1990).

Regarding the elements of the state offense, Ramos is correct in asserting that the language of the Maryland unauthorized removal of property statute does not include intent to deprive the owner—or any mens rea—as an element. But in rejecting Ramos's argument, the BIA noted that Maryland's highest court has interpreted the unauthorized removal statute to require intent. *See Allen v. State*, 935 A.2d 421, 431 (Md. 2007) (holding the recodification of the statute in 2002 did not change the substantive elements

6

of the crime); *Spence v. State*, 165 A.2d 917, 918 (Md. 1960) ("One is guilty of

unauthorized use . . . if he participates in the continued use of the stolen car after the

original taking, since this manifests an intent to deprive the owner of his possession.");

*Ridley v. State*, 151 A.2d 915, 915 (Md. 1959) (per curiam) (stating briefly that "criminal

intent" is a "necessary element of the offense").[1] And in applying the categorical

approach, where the highest court of a state has interpreted a state statute, "we are . . .

bound by [that court's] interpretation of state law, including its determination of the

elements." *Johnson v. United States*, 559 U.S. 133, 138 (2010). Therefore, in light of

Maryland's highest court's interpretation of the statute to require intent to deprive the

owner, unauthorized use satisfies the generic definition of a "theft offense" under the

INA. Ramos's unauthorized use conviction is grounds for removal under 8 U.S.C. §

1227(a)(2)(A)(iii) and prevents him from seeking discretionary relief under 8 U.S.C. §

1229b(a)(3).

   B. Drug Conviction

        Under 8 U.S.C. § 1227(a)(2)(B)(i) of the INA, an alien convicted of a drug offense

"other than a single offense involving possession for one's own use of 30 grams or less of

marijuana" is removable from the United States. Ramos was convicted of a DUI in

---

[1] Ramos attempts to rebut the application of these cases, arguing they "specifically
require a finding of 'intent' to deprive the true owner of the car" and there was never any
finding of fact that he intended to deprive the owner. But, as noted, Maryland's highest
court has held that intent is a required element of the "unauthorized use" offense and
Ramos pleaded guilty to that offense. Furthermore, the categorical approach "preclud[es]
review of the particular facts underlying a conviction." *Restrepo v. Att'y Gen.,* 617 F.3d
787, 791 (3d Cir. 2010) (citations omitted).

Pennsylvania for driving under the influence of marijuana. We agree with the BIA that Ramos's conviction does not fall within the exception and is grounds for removal under 8 U.S.C. § 1227(a)(2)(B)(i).

Ramos contends his conviction for driving under the influence of marijuana falls within the personal use exception because the exception has been interpreted broadly to mean an alien only needs to show his offense "relates to" the possession of 30 grams or less of marijuana for personal use. Pet. Br. at 18 (quoting *Martinez-Espinoza,* 25 I.&N. Dec. 118 (BIA 2009)). Ramos contends his conviction meets this standard because it was a single offense related to possession for personal use and involved only the trace amounts of marijuana in his blood stream, well under the 30 gram limit.

Ramos is correct that the BIA has construed the word "involving" broadly, but not without limits. In *Matter of Davey*, 26 I.&N. Dec. 37 (BIA 2012), the BIA stated "it would defeat the purpose of the exception to interpret it as encompassing an offense that is inherently *more serious* than simple possession, such as distributing, manufacturing, transporting, or being under the influence of marijuana, or possessing marijuana in a prison or near a school." *Id.* at 40 n.3. It was on this basis that the BIA rejected Ramos's claim that his conviction falls within the exception—because "[his] conviction is for a more serious offense." AR 4. To challenge this interpretation of the seriousness of the offense, Ramos cites remarks made by the IJ describing the DUI conviction as "a very minor thing" and "*just* driving under the influence of a controlled substance." Pet. Br. at 19 (citing AR 142–43; 174) (emphasis added). The IJ was not bound by these comments made prior to rendering his final decision. The IJ's ultimate decision, affirmed by the

8

BIA, that Ramos's DUI is a more serious offense and therefore not eligible for the exception is not an arbitrary or capricious interpretation of the INA.

C. Due Process Claims

The final issue before us is whether Ramos was denied a full and fair hearing. Ramos contends he was deprived due process in two respects: (1) the IJ did not allow Ramos to testify about the underlying facts of the unauthorized use conviction, and (2) the IJ did not consider the basis for Ramos's collateral attack of both convictions under *Padilla v. Kentucky,* 559 U.S. 356 (2010). The BIA rejected these arguments, stating "both of the Immigration Judge's decisions reflect a thorough review of the evidence and arguments presented." AR 04–05. We agree.

As discussed, when determining whether a conviction qualifies as grounds for removal under the INA, we apply the categorical approach. *See Moncrieffe*, 133 S. Ct. at 1684. "[T]he categorical approach prohibits consideration of evidence other than the statutory definition of the offense, thus precluding review of the particular facts underlying the conviction." *Restrepo*, 617 F.3d at 791 (internal citations and quotation marks omitted). The IJ indicated as much when he denied Ramos's request to testify, stating, "I'm restricted to look at the elements of the offense itself. Whatever the elements of unauthorized removal of property is under Maryland statute 7-203, that makes or breaks the case." AR 133–34. Although this mode of analysis reflects the hardships engendered by applying the categorical approach, the IJ was correct in his interpretation and application of the categorical approach and therefore did not infringe Ramos's due process rights by foreclosing an opportunity to testify to the underlying facts.

9

Ramos contends the IJ further violated his due process rights by not allowing him to testify about the possible grounds for collaterally attacking the underlying convictions under *Padilla*. Under *Padilla,* aliens are entitled to collaterally attack their convictions when not informed that a guilty plea could carry "a risk of deportation." 559 U.S. at 374. The denial of opportunity to present his *Padilla* claim evidence at the immigration hearing did not violate Ramos's due process rights.

Although Ramos may have a valid *Padilla* claim regarding the DUI conviction,[2] he does not have a due process right to present such evidence at a deportation hearing. In *Daniels v. United States*, 532 U.S. 374 (2001), the Supreme Court held that a criminal defendant has no due process right to collaterally attack prior convictions in the course of his federal sentencing. *Id.* at 382 (excepting claims that right to counsel was denied). In *Drakes v. INS*, 330 F.3d 600 (3d Cir. 2003), we held that the Supreme Court's "analysis and reasoning" in *Daniels* "appl[ied] equally" in the context of removal hearings. *Id.* at 603. "Whether a petitioner challenges a prior state conviction in the context of a sentencing enhancement or in the context of an order of removal, 'the goals of easy administration and finality have ample "horsepower" to justify foreclosing relief' under a federal post conviction proceeding." *Id.* at 605 (quoting *Daniels,* 532 U.S. at 383). Therefore, convictions are final and valid for immigration purposes "unless and until the convictions are overturned" as a result of a collateral attack filed in the proper court. *Paredes v. Att'y Gen.*, 528 F.3d 196, 198–99 (3d Cir. 2008).

---

[2] *Padilla* does not apply retroactively. *See Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). Therefore, only Ramos's 2014 DUI conviction, not his 2008 unauthorized use conviction, is susceptible to challenge under *Padilla*.

**IV.**

For the foregoing reasons, we will deny Ramos's petition for review.