EULIS CHAMBERS *v.* STATE
OF MARYLAND

[No. 236, September Term, 1968.]

340

*Decided March 17, 1969.*

*Lee N. Sachs* for appellant.

*John J. Garrity, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Fred K. Grant, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Eulis Chambers, was convicted of the crimes of attempted arson and possession of a Molotov cocktail in the Criminal Court of Baltimore by Judge Anselm Sodaro, sitting without a jury. He was sentenced to two years and three years, respectively, under the jurisdiction of the Department of Correction, the sentences to run consecutively.

Two questions are presented in this appeal:

1. Whether there was a merger of the two offenses of which the appellant was convicted?
2. Whether there was sufficient evidence to sustain the conviction of possession of a Molotov cocktail?

At trial Private First Class Lawrence Davis testified that he was a member of a National Guard unit which had been activated for duty in Baltimore on April 7, 1968, and that he was on duty in Baltimore on the evening of that date. He stated that at 8:30 or 9:00 p.m. he was riding standing in the back of a ¾ ton truck, which had no top, patrolling eastward on Biddle Street. As the truck passed through the intersection of Biddle and Caroline Streets, he saw two men "slouched over" in the doorway of a certain school building at the corner of the intersection. Davis saw these men, whom he identified at trial as the appellant and one Lee Wearthy, light a "Molotov cocktail." Davis described the object, which he referred to as a "Molotov cocktail," as being a whiskey bottle half filled with a liquid, which he determined to be gasoline, and with a lighted cloth wick in the top of the bottle. Davis apprehended the two men approximately one-half block from the scene and brought them back to the doorway. At the time of the return to the doorway the bottle was standing against the door, which was wooden with glass panes, and the wick was still lighted. Davis testified that he could see no damage to the door.

The appellant denied any involvement in the crimes and testified that at about 3:45 p.m. on April 7, 1968, he left his house at the corner of Caroline and Preston Streets. He met Wearthy (the co-defendant) on the street and asked him to accompany him to a restaurant to get something to eat. They walked down

Caroline Street, past the school building on the opposite side of the street, and continued walking for another one and one-half blocks, where they were arrested.

I

The appellant asserts that the crimes of which he was convicted should have been considered merged because the evidence showed that the attempted arson was by means of the Molotov cocktail.

This Court has stated that:

> "The true test [of merger] under the modern doctrine is whether one crime necessarily involves the other. *Tender v. State,* 2 Md. App. 692. That is to say, when the facts necessary to prove a lesser offense are essential ingredients in establishing the greater offense, the lesser offense is merged into the greater offense. *Dunlap v. State,* 1 Md. App. 444."

*Beard v. State,* 4 Md. App. 685, 686, 244 A. 2d 906 (1968).

Maryland Code (1967 Repl. Vol.), Art. 27, § 139A prohibits the possession of any device commonly known as a gasoline bomb or a Molotov cocktail. Article 27, § 10 prohibits attempts to set fire to or burn certain kinds of buildings and provides that placing any device in a building in an arrangement or preparation with intent to eventually wilfully and maliciously set fire to or burn the building shall constitute an attempt to burn such building. It seems clear to us that the one crime is a crime of possession, while the other is a crime of use, action and intent. To prove the § 139A offense it is necessary to show mere possession of the specified object, regardless of the purpose for which it may subsequently be used. To prove the § 10 offense it is not necessary to prove the possession of an object prohibited by § 139A but only to prove that by some means the defendant attempted to burn a building. The fact that in the instant case a Molotov cocktail was the means by which the burning was attempted is not sufficient to compel application of the doctrine of merger to the two crimes involved here, and we so hold.

## II

The appellant contends that the evidence was insufficient to show that the object which he possessed was a Molotov cocktail. Maryland Code (1967 Repl. Vol.), Art. 27, § 139A (a) in pertinent part provides:

"It is unlawful for any person to . . . possess in this State, any device commonly known as a gasoline bomb or a Molotov cocktail. Such a device is defined as any breakable container which is filled with an incendiary liquid and into which, or attached to which, a fuse is placed and ignited, *resulting in the explosion of the container.*" (emphasis added).

The appellant's argument is that since the bottle of gasoline here involved was recovered intact and did not explode, and since there was no evidence that the container would have exploded, the requirements of the statute were not met.

The appellant's contention poses, in part, a question of statutory interpretation as to the exact reach or breadth of the applicable statute. To resolve the question, we must consider not only the literal meaning of the words used but also their meaning and effect considered in the light of the purposes and objectives of the enactment, with the legislative intent prevailing over literal intent. *Clark v. State*, 2 Md. App. 756, 237 A. 2d 768 (1968) ; *State v. Gibson,* 4 Md. App. 236, 247-48, 242 A. 2d 575 (1968).

The literal words of the first sentence of the statute prohibits the possession of a device known as a gasoline bomb or a Molotov cocktail. These words are unambiguous, and their meaning is clear. The words of the second sentence of the statute, defining the prohibited device, likewise appear clear, and the second sentence seems plainly intended to act in some way upon the first. The question becomes whether the action is one of characterization or limitation. The available evidence of the legislative intent indicates that the second sentence was not intended to be a limitation upon the first. Section 139A of Article 27 (Code) was enacted as Chapter 413 of the Acts of 1966. The preamble to the act stated that the act was an act "* * * to

prohibit the . . . possession in the State of *explosive* devices commonly known as gasoline bombs or Molotov cocktails . . ." (emphasis added). An "explosive" device is one which is characterized by explosion or one which tends to explode, and is not limited to those which have actually exploded. We feel that the obvious purpose of the second sentence of Section 139A is to characterize the devices named in the first sentence of that section; and that the interpretation of the phrase, "resulting in the explosion of the container," which most truly comports with the legislative intent is that it indicates the well known tendency of the devices to explode rather than requiring that the devices do explode.

The device involved in the instant case was fully described by PFC Davis. In addition, Davis stated, without objection, that the device was a Molotov cocktail. We think that the trial judge, as fact finder, was furnished with sufficient evidence from which he could find that the device involved was one prohibited by Section 139A, and we cannot say that the finding of the lower court was clearly erroneous. Maryland Rule 1086.

*Judgments affirmed.*