## WALTER PRIOR *v.* STATE OF MARYLAND

[No. 486, September Term, 1969.]

*Decided August 12, 1970.*

162

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*George N. Manis* for appellant.

*Darrell Russell, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, State's Attorney for Anne Arundel County,* and *Raymond G. Thieme, Jr., Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

Appellant, Walter Prior, was convicted on May 23, 1969 in the Circuit Court for Anne Arundel County in a non-jury trial by Judge E. Mackall Childs of breaking and entering a storehouse with intent to commit a felony therein and larceny. Appellant was sentenced to five years on the storehousebreaking conviction and one and a half years on the larceny conviction. The sentences are to be served at the direction of the Department of Correctional Services and are to run concurrently. On appeal he presents four questions, namely:

1) Was the evidence sufficient to support the conviction?
2) Was the evidence adduced as to ownership of the stolen goods sufficient to sustain the larceny conviction?
3) Was the evidence adduced as to ownership of the storehouse sufficient to sustain the breaking and entering conviction?

4) Did the indictment properly inform the appellant of the accusations against him?

Officer Charles Winterson of the Anne Arundel County Police Department testified that on July 7, 1968, at approximately 4:10 a.m., he was patrolling in the area of Fort Smallwood Road and Hog Neck Road and while checking the I.G.A. Food Store located on the corner he noticed a white 1965 Chevrolet parked approximately twenty to thirty feet in front of the store. Winterson went over to the Chevrolet and requested identification from the individual standing beside the automobile. Officer Winterson made a positive in-court identification of the appellant, Walter Prior, as the man he had seen on July 7, 1968. Appellant handed the officer a driver's license and car registration which identified him as Walter Prior, 801 Newton Avenue, Baltimore. The officer looked inside the Chevrolet and noticed two cases of Pabst beer lying on the back seat of the automobile and six pint bottles of whiskey on the front seat. The officer then noted the information given him by the appellant and permitted the appellant to depart. After the appellant departed, Winterson checked the food store and noticed that one of the windows had been pried open and that the wood had been torn where it had been opened. The officer notified the owner, Mr. Gosnell, who arrived at the store at 5:30 a.m. Upon inspection three cases of Pabst beer were found outside of the building approximately six to eight feet from the pried window.

Clinton Gosnell testified that he had closed the store at 8:00 p.m. on July 6, 1968 and had personally checked that all the doors and windows were closed. After he was called to the store by Officer Winterson he noticed that one of the windows had been pried open and that two cases of Pabst beer were missing from a window display. Upon further inventory he noticed that the three cases of beer found outside the building were also missing from his display window. He stated that he did not keep a constant inventory of his liquor and could not say

what liquor was missing although he thought some bottles were missing. He placed a value of $4.19 on each case of beer taken. .

## I

The test to be applied in reaching a determination of the sufficiency of the evidence in a non-jury case is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *Gray v. State,* 4 Md. App. 175. While it is true that mere presence of a person at the scene of a crime is not of itself sufficient to establish that a person was either a principal or an accessory to the crime, it is an important element in determining an accused's guilt. *Ball v. State,* 7 Md. App. 219. In addition, the recent exclusive possession of stolen goods creates an inference of fact that the possessor was the thief and casts upon him the burden to give a reasonable explanation of how he came into such possession. *Graham v. State,* 6 Md. App. 458. The trial court could draw a rational inference from the testimony adduced at trial that the appellant had broken into the I.G.A. store and was in the process of removing therefrom several cases of beer when he was interrupted by Officer Winterson. Thus the evidence was sufficient to find appellant guilty of storehousebreaking.

## II

Appellant next contends that his larceny conviction should be reversed, in that the State failed to prove that the goods taken were owned by Clinton Gosnell t/a I.G.A. Food Store as alleged in the fifth count of the indictment.

At trial Mr. Gosnell was asked a series of questions concerning the ownership of the store. The following colloquy took place:

"Q How is the ownership — how is the store held ownership-wise?

"A As of presence [sic] it's Clinton Gosnell and John Stricker.

166

"Q Are you partners?

"A Yes.

"Q And what is the trade name of the store?

"A Fort Smallwood I.G.A.

"Q Do you and your partner own it?

"A Yes.

"MR. BRICE: (Asst. State's Attorney) Your Honor, at this time I would move to amend the indictment to include Mr. Gosnell's partner as the co-owner of the I.G.A. Food Store. It simply says Clinton M. Gosnell trading as and I would ask the Court to amend by interlineation his partner's name.

"MR. MANIS: (Defense Counsel) I would object.

"COURT: I don't think it's necessary, Mr. Brice.

"MR. BRICE: Well, all right."

Maryland Code, Article 27, § 605 provides:

"605. Statement of ownership or possession of property by partners, joint tenants, etc.

"In any indictment for any felony or misdemeanor wherein it shall be requisite to state the ownership or possession of any property whatsoever, whether real or personal which shall belong to or be in the possession of more than one person, whether such persons be partners in trade, joint tenants, parceners, tenants in common or trustees, it shall be sufficient to name one of such persons, and to state such property to belong or to be in possession of the person so named, and another or others as the case may be; and whenever in any indictment for any felony or misdemeanor, it shall be necessary to mention for any purpose whatever any partners, joint tenants, parceners, tenants in common or trustees, it shall be sufficient to describe them in the manner aforesaid."

Appellant contends that the testimony at trial showed

that Clinton Gosnell and John Stricker were the owners of the store and the goods and chattels therein and thus the proof showed a fatal variance under Art. 27, § 605 with the indictment which alleged ownership in Clinton Gosnell t/a I.G.A. Food Store. This Court was concerned with a similar contention in *Sizemore v. State*, 5 Md. App. 507. In *Sizemore* the indictment alleged that the goods taken were the property of one Warren Jay Gerhardt. The testimony at trial showed that the goods were the property of Cecilton Farm & Home Supply, a partnership, the partners being Warren Jay Gerhardt and his father. In reversing Sizemore's larceny conviction, we stated "[T]he allegation was that goods were owned by one person and the allegation was not in the form stated to be sufficient as to ownership and another as partners by Md. Code, Art. 27, § 605." 5 Md. App. at 513. It is settled that since larceny is a crime against possession an allegation of the ownership of the property alleged to have been stolen is a necessary requisite in a larceny indictment and proof of ownership as laid in the indictment is an essential factor to justify a conviction. *Melia and Shelhorse v. State*, 5 Md. App. 354. We hold that in the instant case there was a fatal variance between the *allegata* and *probata* in that the State failed to prove ownership in Clinton Gosnell alone. The State was also unsuccessful in attempting to amend the indictment to include John Stricker as a co-partner. We further hold that the variance was material and therefore appellant's larceny conviction must be reversed.

### III

Appellant next contends that his storehousebreaking conviction should be reversed in that the State failed to prove that the property broken into belonged to Clinton Gosnell t/a I.G.A. Food Store as alleged in the first count of the indictment. Appellant contends that the testimony at trial showed that Clinton Gosnell and John Stricker were the owners of the store and thus the proof of ownership showed a fatal variance with that alleged in the

indictment and his breaking and entering conviction must also be reversed. We do not agree. This Court distinguished the need for adequate proof of ownership to support a conviction for breaking and entering from that needed to support a conviction for larceny in *Melia and Shelhorse v. State, supra.* There we stated at 365:

> "And it has been held that the ownership of the building broken into is not an essential element of the crime and need not be proved precisely as alleged. 3 *Underhill, Criminal Evidence* (5th Ed. 1957) § 720, p. 1678 and cases cited in note 83. We think that in the instant case the allegation in the first count of the indictment and the proof were enough to show that the storehouse broken into by the appellants was not theirs, that they had no right to enter it without the permission of the lawful occupier, and enough to identify the building broken into and the personal property therein so as to protect the appellants against a subsequent prosecution for the same offense, which is all that is required. *Sparkman v. State,* 3 Md. App. 527, 531-532. We hold as to the first count that there was no material variance between the *allegata* and the *probata.*"

We think that the proof adduced at trial as to ownership of the storehouse was sufficient to show that it was not the property of the appellant, that he had no right to enter it without the permission of the lawful owner, and that it was a sufficient description to guard against a subsequent prosecution for the same offense.

## IV

Appellant's final contention is that the indictment upon which he was tried did not adequately inform him of the charges against him. He maintains that the parenthetical statements at the end of the first count and the fifth count were misstatements of the charges against him

and thus made the adequate preparation of a defense impossible. The parenthetical expression after the first count of the indictment read: "(Common Law Art. 27, § 30)." Md. Code, Art. 27, § 30 proscribes the breaking of a dwelling house. The appellant had full knowledge from the body of the first count of the indictment that storehousebreaking, and not housebreaking, was charged.

Maryland Rule 712a provides:

> "a. *Form and Content.*
> An indictment shall contain a plain, concise and definite statement of the essential facts constituting the specific offense with which the defendant is charged. It need not contain any other matter not necessary to such statement, nor need it negative an exception, excuse or proviso contained in a statute creating or defining the offense charged. An allegation made in one count may be incorporated by reference in another count. An unnecessary allegation may be disregarded as surplusage and on motion of the defendant may be stricken from the indictment by the court.
> (Uniform Rule 16.)"

We find that the first count of the indictment fully informed the appellant of the charges against him in compliance with Md. Rule 712a.

Since we have reversed appellant's larceny conviction we need not consider his contention as to the fifth count, although the same reasoning would apply.

> *Judgment under first count of the indictment (storehousebreaking) affirmed;*
> *Judgment under the fifth count of the indictment (petit larceny) reversed and case remanded for a new trial thereon.*