## DURANTE *v.* BRAUN ET AL.

[No. 109, September Term, 1971.]

*Decided December 13, 1971.*

686

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and SMITH, JJ.

*Sidney Blum* for appellant.

*Robert J. Ryan* and *E. Scott Moore,* with whom were
*Moore, Hennegan, Brannan & Carney* on the brief, for
appellees.

FINAN, J., delivered the opinion of the Court.

The appellant, Carl J. Durante, opposes the granting
of a motion for a directed verdict by the Circuit Court
for Harford County (Close, J.) in an action for malicious
prosecution brought by him against the appellees, Mr.
and Mrs. John Braun, Mr. and Mrs. John Tanner and
Mr. and Mrs. Carroll Jessnitzer.

The parties to this appeal are immediate neighbors
living in the Harford County community of Fallston.
In 1967 and 1968, primarily on weekends, the appellees
began to hear and complain of loud explosions in their
neighborhood which they alleged originated from the
Durante premises. The neighbors reported having seen
puffs of smoke rising from the Durante property after
explosions and suspected that Mr. Durante was setting
off "cherry bombs" on the premises. On two occasions
after such disturbances, Mr. Tanner complained to the
police and requested that investigations be made on the
Durante property. At one point the appellees' attorney
wrote a letter to the Durantes in which he complained of
various problems including the firing of "cherry bombs"
and in which he stated that the appellees were willing
to resort to court proceedings to quell future distur-
bances.

The troubles among the neighbors culminated on Octo-
ber 12, 1968, with the filing of a complaint against Mr.
Durante for willfully disturbing the public peace. Ac-

cording to the testimony taken in the lower court in the malicious prosecution proceeding, on the morning of October 12, 1968, between 9:00 a.m. and 9:10 a.m. the appellees once again heard an explosion. Mr. Braun testified that after hearing the explosion, he rushed to his window where he saw Mr. Durante silhouetted against a mushroom of smoke. Mrs. Braun confirmed her husband's testimony, and Mrs. Jessnitzer also testified that she had seen thick white smoke above the appellant's property immediately after she heard the explosion. Mrs. Tanner recalled seeing Mr. Durante immediately following the explosion. A conference among the appellees then ensued at which they decided to file the complaint against Durante. Mr. Braun and Mr. Tanner appeared on the day of the explosion before a Committing Magistrate for Harford County and cited the morning's commotion as evidence of the crime.

After a hearing in the People's Court of Harford County on October 24, 1968, Mr. Durante was found not guilty of the charges placed against him, and on February 10, 1969, he instituted proceedings for malicious prosecution against the appellees in the Circuit Court for Harford County. At a jury trial, the Durantes contradicted the appellees' testimony by alleging that they left their home in Fallston at approximately 7:30 a.m. on the morning of October 12, 1968, to attend a gun show being held outside of Wilmington, Delaware. Mr. Durante further testified that he and his wife arrived at the gun show at approximately 8:30 a.m. and that they remained there until early the next morning. The appellant's testimony was supported by Rev. Edward E. Coleman who testified that he saw and talked to Durante in Wilmington prior to 9:00 a.m. on October 12, 1968. Several other witnesses also testified that they saw the Durantes at the gun show prior to 9:00 a.m. The appellant additionally brought forth testimony to show that on numerous occasions the sound of explosions from Aberdeen Proving Grounds, Edgewood Arsenal and sportsmen's rifles and shotguns could be heard in his neighborhood.

At the conclusion of testimony in the Circuit Court proceeding, the appellees made a motion for a directed verdict which was granted by Judge Close on the finding that as a matter of law there was sufficient probable cause for the prosecution of Durante by the appellees.

In *North Point Construction Co. v. Sagner,* 185 Md. 200, 206, 44 A. 2d 441 (1945), our predecessors noted that "Suits for malicious prosecution are viewed with disfavor in law and are to be carefully guarded against [citations omitted]." Such an admonition, however, is not to be construed as meaning that the cause of action is no longer viable. In *Safeway Stores v. Barrack,* 210 Md. 168, 173, 122 A. 2d 457 (1956), Judge Henderson, later C. J., writing for the Court re-stated the elements necessary for the successful maintenance of an action for malicious prosecution:

> "* * * There must be (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'malice,' or a primary purpose of instituting the proceeding other than that of bringing an offender to justice. *Prosser, Torts,* (2d ed.), p. 646; *Restatement, Torts,* § 653; *Pessagno v. Keys, supra; Delk v. Killen,* 201 Md. 381, 383. * * *" 210 Md. at 173.

See also *Jannenga v. Libernini,* 222 Md. 469, 472, 160 A. 2d 795 (1960).

In the case at bar, since there was a proceeding instigated against Durante and the proceeding terminated in his favor, the remaining question is, does the record show that Durante presented legally sufficient evidence of lack of probable cause and the existence of malice on the part of the defendants as warranted the submission of the case to the jury. In deciding this question we must keep in mind that although sound public policy affords protection to persons who in good faith and on

reasonable grounds cause prosecution of another (*Stansbury v. Luttrell,* 152 Md. 553, 565, 137 A. 339 (1927)), nonetheless, the rule of law prevails, that where the court directs a verdict in favor of one of the parties, we must assume the truth of all credible evidence in the case tending to sustain the contentions of the party against whom the verdict is directed as well as all inferences of fact reasonably and fairly deducible therefrom. *Trionfo v. R. J. Hellman, Inc.,* 250 Md. 12, 15, 241 A. 2d 554 (1968). *Smack v. Whitt,* 249 Md. 532, 536, 240 A. 2d 612 (1968).

The trial judge correctly stated the respective roles of court and jury with relation to the issue of "probable cause" in a malicious prosecution action, paraphrasing what we said in *W. T. Grant Co. v. Guercio,* 249 Md. 181, 187, 238 A. 2d 855 (1968), to the effect that:

> "If the facts or inferences drawable from the 'probable cause' that motivated a criminal charge are clear and undisputed, the question is one of law for the court, but if such facts or inferences are disputed, it is a question of fact for the jury. [Citation of cases omitted]." 249 Md. at 187.

The trial judge in applying the law to the facts of the case at bar found that as a matter of law Durante did not prove sufficient facts to show a want of probable cause on the part of the defendants, stating:

> "* * * The undisputed facts here show that there were prior explosions that occurred near the Defendants' property and that they were more frequent on weekends, especially those they saw evidence of as having occurred at the Durante residence and that these usually did occur at early hours in the day, that the Plaintiff was home usually only on weekends, that following loud explosions the Defendants saw smoke on the Durante property, that Mr. Durante admitted setting off fire works, explosives, on holi-

days, that the Defendants heard an explosion and saw smoke at the Durante's back door on October 12th, 1968, at approximately 9:10 and that on that occasion they believed that they saw Mr. Durante leave his house at that time. It is clear that the Defendants acted cautiously by discussing the matter before acting on any warrant among themselves and prior to this they had complained to the Maryland State Police and to the Sheriff's Office and had sought the advice of counsel. The fact of whether or not the Plaintiff, Mr. Durante, was at home on October 12th is the only fact in dispute which the Court does not find standing by itself sufficient to create a want of probable cause. It is the totality of all the facts that led to a reasonable ground of suspicion which gave basis for the probable cause for the warrant."

However, despite the compelling recitation of exculpatory facts tending to show the existence of probable cause for the act of the defendants, we are of the opinion that the court erred in ruling as a matter of law that Durante did not produce legally sufficient evidence to warrant the submission of the issue of lack of probable cause on the part of the defendants to the jury. It should be borne in mind that in rendering a directed verdict against Durante, the court was bound to assume the truth of all credible evidence supporting Durante's contention and the reasonable inferences to be drawn from them. *Trionfo, supra.*

Durante himself testified that he had only detonated "cherry bombs" on the average of 2 or 3 times a summer and then only on "holidays or special occasions." Other neighbors testified on his behalf to the effect that although they had at various times heard explosions in the neighborhood (some perhaps emanating from Aberdeen Proving Grounds or Edgewood Arsenal) they never saw Durante detonating any explosives.

The defendants were positive in their identification of Durante as having been the person who set off the "cherry bomb" on the morning of October 12th, yet, obviously the trial magistrate who heard the criminal charge against him believed him to be innocent. Furthermore, at the trial of the civil suit below, Rev. Edward E. Coleman and other reputable witnesses, placed Durante in Wilmington, Delaware, at the time that the explosion was detonated in Harford County on the morning of October 12th. Indeed, in this case, if the testimony of Durante and his witnesses were to be believed, the "positiveness" of the defendants' identification of him, if disbelieved, may have a bearing not only on the issue of probable cause, but also on that of malice. Three neighbors who positively identified Durante resided on property which abutted his property, and allegedly viewed Durante at fairly close range, a matter of some yards. The question as to whether this was then a case of mistaken identification, or something else, is in our opinion, itself, a question for the jury.

As appears from what we have stated, we are of the opinion that the learned judge below erred in granting a directed verdict in favor of the defendants. To hold otherwise, in our opinion, would deprive the plaintiff of the benefit of the assumptions and inferences to which he was lawfully entitled as the party against whom the motion for a directed verdict was made.

> *Judgment reversed, case remanded for new trial, appellees to pay costs.*