## JOSEPH D'ANNA, JR. *v.* SECRETARY OF PERSONNEL

[No. 211, September Term, 1980.]

*Decided November 12, 1980.*

The cause was argued before MORTON, LOWE and LISS, JJ.

*Richard D. Neidig,* with whom were *Reese & Carney* on the brief, for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Charles R. Taylor, Jr., Assistant Attorney General,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

Asking for a declaratory judgment in the Baltimore City Court, Joseph D'Anna, Jr. contended that State Employees Personnel Regulation 06.01.01.13 (hereafter, Rule .13) was in conflict with the legislative scheme established in the Merit System Law, Md. Code, Art. 64A, specifically §§ 31, 18 (c), 18 (g) and 22 (b). Appellant contends here, as he did below, that the regulation providing for an employee's promotion without competitive examination — by reclassification of a position — contradicts the legislative intent that all positions under the State Merit System be filled by examination.

By a written opinion the trial judge perceptively and analytically reached the opposite conclusion. Appellant contends, however, that the trial court failed to apply rules of statutory construction which he feels were appropriate.

"The cardinal rule to be applied in the construction of Maryland statutes is to ascertain the intention of the Legislature and to effectuate the legislative intention. *Casey Development Corp. v. Montgomery County,* 212 Md. 138, 129 A.2d 63 (1957); *Maryland Medical Service, Inc. v. Carver,* 238 Md. 466, 209 A.2d 582 (1965); *Guy v. Director of Patuxent Institute,* 279 Md. 69, 367 A.2d 946 (1977). First, the Court of Appeals and this Court have repeatedly directed that the intention of the Legislature must be sought in the first instance in the words of the statute. *Board of Supervisors of Elections of Baltimore City v. Weiss,* 217 Md. 133, 141 A. 2d 734 (1958); *Kimbrough v. Giant Food, Inc.,* 26 Md. App. 640, 339 A. 2d 688 (1975); *Mauzy v. Hornbeck,* 285 Md. 84, 400 A.2d 1091 (1979). Second, where a law, such as the Merit System Law, has various parts, provisions, or sections, it has been a long-standing and accepted rule of statutory construction that all parts, provisions, or sections of a law should be read, considered, or construed together so that all of its parts harmonize with one

another and are consistent with its general object and scope and so as to give effect, if possible, to all of its parts. *Thomas v. Police Commissioner of Baltimore City,* 211 Md. 357, 127 A.2d 625 (1957); *Thomas v. State,* 227 Md. 314, 353 A.2d 256 (1976); *Maguire v. State,* 192 Md. 615, 65 A.2d 299 (1949); *Fisher v. Bethesda Discount Corp.,* 221 Md. 271, 157 A.2d 265 (1960). The third rule of statutory construction to be applied in determining the intention of the Legislature is that the Court should consider the object or purpose to be attained by the statutes in question and the evils or mischief sought to be remedied, and the Courts should construe the law so as to carry out, effectuate, or aid in its general purposes and policies, thereby suppressing the mischief and advancing the remedy. *State Department of Assessments and Taxation v. Ellicott-Brandt, Inc.,* 237 Md. 328, 206 A.2d 131 (1965); *State v. Fabritz,* 276 Md. 416, 348 A.2d 275, on remand 30 Md. App. 1, 351 A.2d 477, cert. den. 425 U.S. 942, 96 S. Ct. 1680, 48 L. Ed. 2d 185; *Prince George's County v. Bahrami,* 33 Md. App. 644, 365 A.2d 343 (1976); *Cooley v. White Cross Health and Beauty Aid Discount Centers, Inc.,* 229 Md. 343, 183 A.2d 381 (1962); *Department of Tidewater Fisheries v. Sollers,* 201 Md. 603, 95 A.2d 306 (1953); *Mackie v. Mayor and Commissioners of Town of Elkton,* 265 Md. 410, 290 A.2d 500 (1972); *Liquor Dealers Credit Control, Inc. v. Comptroller of Treasury,* 241 Md. 656, 217 A.2d 571 (1966); *Chambers v. State,* 6 Md. App. 339, 251 A.2d 30 (1969); *Parkinson v. State,* 14 Md. 184 (1859)."

While appellant has picked selectively from the multitude of guidelines judicially established for gleaning legislative intent,[1] there is one rather obvious consideration that he has

1. Some of the "multitude" have been set forth recently in In Re: James S., 286 Md. 702 (1980); Mauzy v. Hornbeck, 285 Md. 84 (1979); Frank v. Baltimore County, 284 Md. 655 (1979); Wheeler v. State, 281 Md. 593 (1977), *cert. denied,* 435 U.S. 997 (1978); Schweitzer v. Brewer, 280 Md. 430 (1977); Mazor v. State, Dep't of Correction, 279 Md. 355 (1976).

overlooked. The regulation which he contends is in conflict with the legislative scheme was itself approved by the Legislature, at least sub silentio, without any recognition of a conflict.

Rule .13 was published in the *Maryland Register* on August 31, 1977, and became effective on October 21, 1977. At that time, Md. Code, Art. 40, § 40A (f) provided that at least 45 days prior to the adoption, amendment, or repeal of any rule, regulation or standards by any of the several departments, boards, commissions or other agencies of the executive branch, the rule, regulation or standard shall be submitted to the Joint Standing Committee on Administrative, Executive and Legislative Review (AELR) of the General Assembly.[2] That committee was charged with reporting to the General Assembly, as well as to the Legislative Council, any recommendation for appropriate legislative action necessary to modify, change or reverse any rule, regulation or standard which the committee has considered. Art. 40, § 40A (e).[3]

The proposed regulation had been sent to the AELR committee on August 16, 1977, and the 1977 Interim Report of the committee to the General Assembly, dated November 1, 1977, contained no recommendation for "appropriate legislative action" in regard to Rule .13; nor did it indicate in any way that the regulation should have been modified, changed or reversed. When the Legislature charges itself directly, not only with the responsibility to review each regulation as enacted, but also to consider precisely the possible conflicts with its own scheme of things, with which appellant has charged the regulation here, we must infer that the AELR committee has performed its statutory responsibility. In the absence of critical comment, a legal presumption arises that the regulation does not conflict.

The burden to rebut that presumption falls upon he who asserts the conflict, and as pointed out by the well-reasoned

2. Art. 40, § 40A was amended, effective July 1, 1980. The word "Standing" was deleted from the title of the AELR committee, and minor stylistic changes in § 40A (f) were made.

3. Art. 40, § 40A (e) has been redesignated as Art. 40, § 40A (d), and the committee now reports to the Legislative Policy Committee.

opinion of Judge Joseph H. H. Kaplan, appellant has failed to meet that burden. We adopt that opinion and append it here as reflective of our own analysis.

*Judgment affirmed.*

*Costs to be paid by appellant.*

## MEMORANDUM OPINION AND ORDER

Petitioner requests a declaratory judgment as provided for in Article 41, Section 249 (Administrative Procedure Act) of the Annotated Code of Maryland to determine the validity of State Employees Personnel Regulation 06.01.01.13 (hereinafter "Rule .13"), which provides that an employee within the State Merit System may be promoted without requiring that the employee be on an eligible list for that position established by competitive examination. Petitioner argues that this regulation conflicts with the legislative intent that all positions shall be filled by examination. Petitioner further contends that the Secretary of Personnel (hereinafter "Secretary") had exceeded his authority by promulgating a regulation which is in conflict with the statute. A hearing was held before this Court on January 2, 1980, at which time testimony was taken, documentary evidence presented and arguments on behalf of Petitioner and Respondent were heard.

Article 64A, Section 18(e), Promotions, provides:

"(e) *Promotions.* — Promotion is a change from one class to another class with a higher maximum compensation, and *vacancies shall be filled by promotion as far as is consistent with the best interests of the classified service, in the judgment of the Secretary. . . .*" (emphasis added)

Rule .13, Statement of Duties and Responsibilities of Positions, provides in pertinent part:

"C.  Documentation.

"(1) When additional duties are assigned to a filled position that may warrant its reclassification and there is more than one employee in an organizational unit who meets all requirements of the job specification for the prospective higher class, documentation shall be retained indicating the reasons for assigning these additional duties to the employee holding the position.

"(2) An appointing authority may promote from within an organizational unit a qualified candidate who is the incumbent in a position that is reclassified without requiring that the qualified candidate be on an eligible list for the particular classification, provided pertinent documentation is retained.

"(3) Documentation for compliance with this regulation shall include:

\* \* \*

"(h) *Justification for assignment of additional duties or request for promotional reclassification for the specific individual (justification may include experience, training, work performance, seniority, or the fact that no other competition exists for the job);*

\* \* \*

E. *Any action taken under Section C(1) and (2), above, where the employee does not meet all of the requirements of the job specification, will be voided by the Department of Personnel.*" (emphasis added)

The language of Section 18(e) grants the Secretary authority to fill vacancies "by promotion as far as is consistent with the best interests of the classified service, in

the judgment of the Secretary." After being provided with general standards in Section 18(e) of Article 64A, the Secretary has exercised discretion in promulgating Rule .13. Promulgation of regulations has long been recognized as the proper function of administrative agencies. *Comptroller of the Treasury v. M.E. Rockhill, Inc.*, 205 Md. 226, 197 A.2d 93 (1954). The Court's review of such action is limited to a determination of whether the agency was acting within its legal boundaries. The Court cannot substitute its judgment for that of the agency. *Department of Natural Resources v. Linchester Sand & Gravel Corp.*, 274 Md. 211, 334 A.2d 514 (1975).

Rule .13 permits an appointing authority to promote a candidate who is not on an eligible list provided pertinent documentation is retained. The documentation must include justification for the promotion, which may include experience, training, work performance, and seniority. The requirements of Rule .13 are consistent with Section 18(a), which provides in pertinent part:

> "(a) *Form and character of examinations.* — Examinations ... may be written or oral or in the form of a demonstration of skill or any combination of these ... Any investigation of training and experience and any tests of technical knowledge, manual skill or physical fitness that in the judgment of the Secretary serves to this end may be employed.

This Section gives the Secretary broad discretion in the conduct of examination. The documentation required by Rule .13 is an "investigation of training and experience" permitted by Section 18(a). The employment record of the employee who is a candidate for promotion is examined to determine if he or she has the required job skills. If the appropriate documentation is provided, the regulation permits the appointing authority to appoint the employee in favor of an applicant from the eligible list. If not, the employee will not be promoted. Or, if an employee is promoted who does not meet the job specifications, the action

will be voided by the Department of Personnel. Rule .13 does not give the Secretary discretion to engage in cronyism as suggested by Petitioner. It merely gives the Secretary the authority to promote qualified individuals from within the organizational units in preference to those on an eligible list. Rule .13 is plainly within the broad discretion granted to the Secretary by Section 18(e), and the Court will uphold its validity unless it can be shown that the Secretary has abused his discretion.

Petitioner cites four sections of the Merit System Statute which he argues show that all vacancies in the system must be filled by candidates from an eligible list established by competitive examination. They are Section 44, Section 31, Section 18(g) and Section 22(b).

Article 64A, Section 44, provides that one of the purposes of the Merit System Statute is ". . . to keep in a workable state the provisions for the promotion of employees as provided in this article . . ." This section refers only to general provisions for promotion. It gives no indication of specific procedure found in the statute and provides no support for Petitioner's argument that candidates for promotions are to be chosen only from eligible lists.

Article 64A, Section 31, states that:

> "The transfer of an employee from a position in a given class to a position in a different class for which a higher maximum rate of compensation is prescribed shall be considered as promotion and, in effect, a new appointment may be made only under the provisions governing appointments herein."

Section 31 requires that promotions be made with the general provisions regarding appointments to the System. Section 18(e) is a specific provision regarding promotions. The rule of statutory construction is that general language in one part of a statute may be controlled by more specific phraseology in another part. *Rafferty v. Comptroller of the Treasury,* 228 Md. 153, 178 A.2d 896 (1962). Based on this

rule, the specific language of Section 18(e) controls the general language of Section 31 and Section 18(e) prevails. Thus, Section 31 provides no support for Petitioner's contentions.

Petitioner further argues that Section 18(g) provides the only exception to appointment from an eligible list. Section 18(g) provides:

> "(g) *Appointments without competitive examinations.* — If, after advertising as provided by law for an applicant for a job requiring technical, professional, or administrative skills, no qualified applications are received, a person may be appointed to the job subject to a qualification test only, and not to a competitive examination."

There is no indication in the statute that this section is to apply to promotions. This section is clearly meant to apply when promotion is not involved and no qualified candidates have been found through the competitive system. This section permits the requirements of appointments to be relaxed so that the position can be filled. Likewise, this section provides no support for Petitioner's argument.

Section 22(b) provides that if no eligible list exists at the time the Secretary receives a requisition for an appointment, he must call an examination. The Secretary is required to establish an eligible list within six months of the requisition. This section is generally applicable to new appointments to the merit system where no promotion of an employee is involved. It has no applicability to the validity of Rule .13. This section in no way supports the arguments of Petitioner.

For the above stated reasons, the Court finds that the Secretary, in promulgating Rule .13 has acted within the discretion granted to him by Article 64A, Section 18(e).

Accordingly, it is hereby declared this 11th day of January, 1980, that State Employees Personnel Regulation 06.01.01.13 is VALID and within the discretion of the Secretary of the Department of Personnel and is not an

abuse of that discretion, and it is ORDERED that the Petition for Declaratory Judgment be and it is hereby DISMISSED with Petitioner to bear the costs of these proceedings.

s/ Joseph H. H. Kaplan
Joseph H.H. Kaplan
Judge